IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRED FARRELL NORMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>    Defendants. | Case No. 19-cv-01173-MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING PLAINTIFF'S MOTION FOR STAY; DIRECTIONS TO PLAINTIFF**<br><br>Re: Dkt. Nos. 2, 3 |

Before the Court are plaintiff's "Application to Proceed In Forma Pauperis," filed March 4, 2019, and plaintiff's "Motion Requesting a Stay of All Proceedings Before the Court," also filed March 4, 2019. Having read and considered said filings, the Court rules as follows.

In Norman v. Federal Bureau of Investigation, Case No. 18-6658 ("First Action"), a prior case filed by plaintiff based on substantially the same allegations as those made in the complaint filed in the instant action, plaintiff, on November 1, 2018, filed an application to proceed in forma pauperis. By order filed November 20, 2018, Magistrate Judge Kandis A. Westmore, to whom the First Action was then assigned, denied the application, on the ground that plaintiff's wife earned over $10,000 a month. Although Magistrate Judge Westmore afforded plaintiff leave to file an amended application in the event plaintiff could assert he did not have access to his wife's earnings, plaintiff did not file an amended application, nor did he pay the filing fee within the deadline set by this Court, to whom the First Action had been reassigned. Accordingly, the Court dismissed the First Action without prejudice.

//

The application filed in the instant action is materially indistinguishable from the application filed in the First Action, and, in particular, plaintiff again acknowledges that his wife earns over $10,000 a month.[1]  The only additional information plaintiff provides is a statement that he has "very limited income from his spouse," which statement he makes in a separate submission, filed March 4, 2019, titled "[Installment] Plan Agreement." Plaintiff fails, however, to identify the amount of such "income from his spouse" or to state that he does not have access to any other portion of his wife's earnings, notwithstanding such wages appear to be community property.  See State Board of Equalization v. Woo, 82 Cal. App. 4th 481, 483 (2000) (holding "earnings of either the husband or wife acquired during the marriage constitute community property").

Accordingly, plaintiff's application is hereby DENIED.  If plaintiff wishes to proceed with the instant action, plaintiff is hereby DIRECTED to pay the $400 filing fee no later than April 12, 2019, or, alternatively, to file, no later than April 12, 2019, an amended application to proceed in forma pauperis, establishing that, notwithstanding his wife's monthly income, he is unable to pay the costs to institute the instant action.

Lastly, plaintiff's motion for a stay of proceedings is hereby DENIED as moot, there being no proceedings presently pending.

**IT IS SO ORDERED.**

Dated: March 8, 2019

MAXINE M. CHESNEY
United States District Judge

---

[1] The sole differences between the two applications are that plaintiff states he recently withdrew $500 from his "Fidelity" account and that the total cash he has in his bank accounts is at present $400, whereas he reported $1100 in his first application.